**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DARDEN DIRECT
DISTRIBUTION, INC.,

Plaintiff,

v. Case No.: 6:26-cv-02373-CEM-LHP

QUALITY CUSTOM
DISTRIBUTION SERVICES, LLC,

Defendant,

---

**ORDER**

Before the Court is Plaintiff Darden Direct Distribution, Inc.'s Motion to Seal Under Local Rule 1.11. Doc. No. 2. Plaintiff seeks to file under seal an unredacted copy of an exhibit to the complaint, to wit, a distribution agreement that is the subject of this breach of contract action. *Id.* Plaintiff has attached a minimally redacted copy of the distribution agreement to the complaint. Doc. No. 1-1. Defendant has not yet appeared in the case. Upon consideration, Plaintiff's motion (Doc. No. 2) will be granted.

A party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11. The moving party must also satisfy the Eleventh Circuit's standard concerning the public's common law interest and right of access to inspect and copy judicial records. *See, e.g.*, *Chicago Trib. Co. v.*

*Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985). "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential. Whether good cause exists is decided by the nature and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and alterations omitted).[1]

Here, Plaintiff asserts that the redacted portions of the distribution agreement contain three narrow categories of competitively sensitive commercial terms, which were privately negotiation and are not publicly accessible. Doc. No. 2, at 1, 3. More specifically, the terms include "negotiated per-case pricing, a per-case lumping fee, confidential freight cost and rate mechanics, and bargained-for terms governing

[1] Courts conducting a "good cause" balancing test consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, (6) the availability of a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records. *Gubarev*, 365 F. Supp. 3d at 1256 (citing *Romero*, 480 F.3d at 1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

inventory ownership, risk allocation, and supplier-side economics—that the parties maintain in confidence and that are not available to the public." *Id.* at 4. Plaintiff contends that the information is proprietary, and that public disclosure of said information would result in a competitive disadvantage and place this confidential information in the hands of competitors. *Id.* at 4–5.

Upon consideration of Plaintiff's motion, and having considered Local Rule 1.11 and the Eleventh Circuit's standard for sealing, the Court finds good cause at this stage of the case to seal a copy of the unredacted distribution agreement, particularly where a minimally redacted version of the distribution agreement is available on the public docket. *See, e.g.*, *Zesty Paws LLC v. Nutramax Lab'ys, Inc.*, No. 6:24-cv-1788-CEM-LHP, 2024 WL 4769684, at *2 (M.D. Fla. Nov. 13, 2024) (finding good cause to permit confidential portions of agreement to be filed under seal in conjunction with complaint, with redacted version publicly filed, collecting authority).

Accordingly, Plaintiff Darden Direct Distribution, Inc.'s Motion to Seal Under Local Rule 1.11 (Doc. No. 2) is **GRANTED.** Within **seven (7) days** of the date of this Order, Plaintiff shall file a copy of the unredacted distribution agreement under seal as a separate docket entry.

Plaintiff is cautioned that at any point in this litigation, the Court may determine that the information is not properly subject to continued sealing, and the

Court may require that the unredacted agreement be filed in the public record. Otherwise, absent further order of the Court, this seal shall not extend beyond **ninety (90) days** after the case is closed and all appeals exhausted. *See* Local Rule 1.11(e).

**DONE** and **ORDERED** in Orlando, Florida on October 15, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties